## F. A. North Company v. Vanleer.

*Replevin—Leased piano—Bailment lease—Alteration of lease—Authority of agent.*

In an action of replevin to recover the possession of a piano leased on a bailment lease, it appeared that the article in question had originally been leased to the defendant's husband, who defaulted in payments thereunder. Subsequently, it was alleged, the representative of the plaintiff agreed to alterations in the terms of the lease in allowing the defendant to make payments thereon. There was evidence in the record to support the conclusion that the person who represented the plaintiff company in contracting with the defendant, was one of the managers of the company, and that the contract he made was fairly within the apparent scope of his authority. Under such circumstances the trial judge properly submitted for the consideration of the jury, the questions of fact arising out of the contradictory evidence.

Argued December 8, 1919. Appeal, No. 257, Oct. T., 1918, by plaintiff, from judgment of C. P. Chester County, Oct. T., 1918, No. 22, on verdict for defendant in the case of F. A. North Company v. Walter Vanleer and

Lillie Vanleer.   Before ORLADY, P. J., PORTER, HENDER-
SON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Replevin to recover the possession of a piano.   Before
BUTLER, P. J.

The facts are stated in the following opinion of the
court below discharging rule for judgment non obstante
veredicto:

In July of 1918, Walter Vanleer had completely for-
feited his right to the piano in suit through breach of
the condition in his lease as to nonremoval of the piano,
and failure to pay installments of rent.   In this situa-
tion, in July, 1918, George Boyd, general manager of
plaintiff company, in this district, with authority, as he
says, to make contracts under some circumstances,
agreed with Lillie Vanleer, as the jury have found, that
the piano should stay with her if she would promptly
pay $5, and thereafter make payments of the remaining
installments of rent.   This installment of $5, she
promptly paid to Boyd, he giving her a receipt that makes
no reference to Walter Vanleer or his contract—and sub-
sequently showed her readiness to make the other pay-
ments, in all respects living up to the agreement which
the jury found Boyd made with her and pursuant to
which she, through Boyd, paid the company $5.   While
we believe that general manager Boyd, under all the
evidence, manifestly had authority of sufficient scope to
cover the contract here proved, we are entirely clear that
plaintiff cannot question his authority to make the con-
tract under consideration.   Under the jury's finding he
received for his principal $5 of Lillie Vanleer's money,
which with other payments she properly tendered, he
had agreed should clear the piano, would allow it to re-
main with her.   Plaintiff could not thus become the
owner of the $5, enjoy the fruits of its agent's contract
and at the same time repudiate the contract as ultra
vires.   If he, Boyd, exceeded his authority, if he failed
to report to the plaintiffs the agreement found by the

jury, and thus allowed the plaintiffs to suppose that the $5 was paid by Walter Vanleer under his lease, it was their agent that misled them and no fault of Lillie Vanleer. "It is repugnant to every sense of justice and fair dealing that a principal shall avail himself of the benefits of an agent's acts and at the same time repudiate his authority": Presbyterian Board v. Gilbee, 212 Pa. 310.

There was evidence touching the piano's value. Its price was in evidence, and in answer to her counsel's question Mrs. Vanleer, without objection, testified that it was worth $175.

The rule for judgment is dismissed.

*Error assigned* was the order of the court.

*Truman D. Wade,* for appellant.

*W. S. Harris,* for appellee.

OPINION BY HEAD, J., February 28, 1920:

There is evidence in the record to support the conclusion that the person who represented the plaintiff company in contracting with the appellant was one of the managers of the company and that the contract he made was fairly within at least the apparent scope of his authority. There is a good deal in the record to support the belief that this defendant was in truth and in fact the original lessee of the piano, although it is true the bailment lease was executed by her husband. She appears to have paid a considerable part of the purchase money by turning in on the deal an organ which was her property. After her husband deserted her and the new arrangement was made with the manager by the terms of which she was to continue the payments just as before, she actually made one payment that was received by the company and never returned. She tendered another like payment, but it was refused. Under these circumstances, we think the learned trial judge properly

submitted for the consideration of the jury the questions of fact arising out of the contradictory evidence and there could have been no binding direction in favor of the plaintiff.

The first assignment of error relating to the admission of certain testimony is not supported by any exception and there is nothing before us. The remaining assignment of error is predicated on the proposition that because there was no evidence of the value of the piano the verdict would necessarily be for the plaintiff. This entire theory rests upon a mistaken conception of what the record shows. There was evidence of the value of the piano and it was wholly uncontradicted. The jury had before it the value of the piano as originally agreed on at the time of the lease and they had the positive testimony of the plaintiff not denied by anybody as to its value at the trial. Examination of the entire record discloses no reversible error and the several assignments are overruled.

Judgment affirmed.